At a subsequent day in the term the opinion of the Couit was read as drawn up by
Parker C. J.
We have not been able to find any princl pie or authority to justify us in giving validity to the bond on which this suit is brought.
A bond is a deed, and delivery is essential to a deed.[1] There are cases of a constructive delivery, but there is no evidence here to bring this case to a resemblance of them. All that appears is, that the paper was signed and sealed by the principal and sureties and was left in the hands of the principal until his death. The act of his administrator cannot make a delivery, especially as the memorandum was intended to prevent his act being so considered. ■ For aught we know, it was never in tended by the sureties that it should be delivered until sufficient indemnity was given to them by the principal. And it may be, that finding no bond in the probate office, they have on that account omitted to seek for security which they might otherwise have obtained. The certificate on the bond, of approbation by the judge, has no effect, it being manifest that it was made before the bond was signed; for the letter of guardianship remained on the files, with the minute that it was to be delivered when the bond should be filed.
It is certainly a very hard case for the ward, and shows tne importance of great care in the probate office ; but it would be equally hard on the sureties to hold them liable. At any rate, they insist upon the law, and we cannot withhold it. The in *99 strument never became their bond by their definitive act of delivery, and it cannot be made so by any power of this Court.

Plaintiff nonsuit.

 See Mills v. Gore, 20 Pick. 28; Powers v. Russell, 13 Pick. 75; Nabb v Goodtitle, 1 Breese, 157; Chadwick v. Webber, 3 Greenl. 141; Porter v. Cole, 4 Greenl. 20; Woodman v. Coolbroth, 7 Greenl. 181; Chess v. Chess, 1 Pennsylv. R. 32 ; Simonton's Estate, 4 Watts, 180 ; Allen v. Getz, 2 Pennsylv. R 310; 4 Kent, (3d ed.) 454.